IN THE UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BOBBY LEES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CV-00533-SRB |
| ) | |
| CITY CHEVROLET, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendants City Chevrolet LLC ("City Chevrolet") and Cable-Dahmer Chevrolet, Inc.'s ("Cable-Dahmer") (collectively, "Defendants") Joint Motion to Compel Arbitration and Stay This Matter. (Doc. # 4.) For the reasons stated below, the motion is GRANTED.

**I.  Background**

Plaintiff Bobby Lees ("Plaintiff") was employed as an at-will employee by Defendants. (Doc. #3, Doc. #14.) On April 30, 2020, Plaintiff was fired after a temporary lay-off from his employment with Defendant City Chevrolet. (Doc. #1-1, ¶ 49.) Plaintiff alleges that most employees included in the temporary layoff were over 40 years old, and the only employee called back to work was 30 years old. (Doc. #1-1, ¶¶ 44–47.) Plaintiff filed a civil suit against Defendants on May 28, 2021, in Missouri state court asserting claims for alleged violations of 42 U.S.C. § 621 prohibiting age discrimination, 42 U.S.C. § 12101 et seq., prohibiting disability discrimination, and Mo. Rev. Stat. § 290.140, requiring that dismissal letters state a reason for discharge. (Doc. #1-1.) Defendants removed the case to this Court on July 26, 2021.

As part of his employment with both Defendants, Plaintiff executed a stand-alone arbitration agreement. (Docs. ##4, 14.) The relevant provision of the arbitration agreement states:

> In consideration of employees accepting or continuing employment with the company, each employee agrees that any and all controversies, claims, or disputes . . . arising out of, relating to, or resulting from the employee's employment with the Company or the termination of the employee's employment with the Company, shall be resolved exclusively through confidential, binding arbitration . . . . Any arbitration shall be administered and conducted by the American Arbitration Association ("AAA") pursuant to the then current AAA's National Rules for the Resolution of Employment Disputes (the "Rules").

(Doc. #4, p. 4.)

Under the AAA Rules, certain powers are delegated to the arbitrator. In particular:

a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement.
b. The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by an arbitrator that the contract is null and void shall for that reason alone render invalid the arbitration clause.

(Doc. #14-6, p. 5.)[1]

The arbitration agreement is also incorporated into Defendants' Employee Handbooks. (Doc. #14.) The Employee Handbooks contain a provision allowing Defendants to unilaterally alter the Employee Handbooks at any time and without notice to employees. (Doc. #14-5, p. 9.) Defendants contend that this suit is subject to the stand-alone arbitration agreement and move to compel arbitration. Plaintiff opposes the

---

[1] Plaintiff disputes whether the delegation provision is the actual language of the arbitration agreement referencing the AAA's Rules, or the Rules themselves. The Court need not address this argument because both are sufficiently supported by consideration–the parties' mutual promise to abide by the AAA's Rules. *Soars v. Easter Seals Midwest*, 563 S.W.3d 111, 118 (Mo. 2018).

2

Case 4:21-cv-00533-SRB   Document 19   Filed 09/22/21   Page 2 of 6

motion based on Defendants' power to unilaterally modify the Handbooks. The court addresses the parties' arguments below.

**II.     Legal Standard**

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under such an agreement, . . . [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. The Federal Arbitration Act governs arbitration agreements "involving commerce," including ones relating to employment disputes. *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 836 (8th Cir. 1997). "The Federal Arbitration Act [] requires courts to place arbitration agreements on 'equal footing with all other contracts.'" *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S.Ct. 1421, 1424 (2017) (quoting *DIRECTV, Inc. v. Imburgia*, 136 S.Ct. 463, 465 (2015)). Arbitration is a matter of consent and not coercion, so "a court must be satisfied that the parties have 'concluded' or formed an arbitration agreement before the court may order arbitration[.]" *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 49 (Mo. banc 2017) (citations omitted). "[A]rbitration agreements [may] be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). "If the parties have a valid arbitration agreement that encompasses the dispute, a motion to compel arbitration must be granted." *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 783–84 (8th Cir. 2016) (citations and quotations omitted).

As a Court sitting in Missouri, an arbitration agreement must be analyzed using Missouri state-law principles. *Robinson*, 841 F.3d at 783–84 (citations omitted) ("State contract law governs whether the parties have entered into a valid arbitration agreement"). When presented

3

Case 4:21-cv-00533-SRB    Document 19    Filed 09/22/21    Page 3 of 6

with a motion to compel arbitration, "we ask only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *Id*. (citations omitted). The elements required to form a valid contract in Missouri are "offer, acceptance, and bargained for consideration." *Baker v. Bristol Care, Inc*., 450 S.W.3d 770, 774 (Mo. banc 2014) (citations and quotation marks omitted). "The party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement." *Jackson v. Higher Educ. Loan Auth. Of Missouri*, 497 S.W.3d 283, 287 (Mo. App. E.D. 2016) (citing *Jiminez v. Cintas Corp*., 475 S.W.3d 679, 683 (Mo. App. E.D. 2015)).

### III. Discussion

The parties agreed an arbitration pursuant to the agreement would be governed by the AAA Rules. The AAA Rules, in turn, contain a delegation clause. *See Pinkerton*, 531 S.W.3d at 48 ("By clearly referencing the AAA . . . rules, the parties expressed their intent to arbitrate any dispute under these rules"). As stated above, that delegation clause gives the arbitrator power to decide the validity of the agreement. Defendants argue the Court must compel arbitration because the delegation clause prevents the Court from evaluating the validity of the agreement. Plaintiff argues that the delegation clause is unenforceable and that the Court must determine whether the agreement is valid.

The Court agrees with Plaintiff that it must determine the validity of the delegation clause. Unless a party "challenge[s] the delegation provision specifically, we must treat it as valid under § 2 . . . leaving any challenge to validity of the Agreement as a whole for the arbitrator." *Id.* at 72. Here, Plaintiff specifically challenges the delegation provision by arguing that "the delegation provision is not a valid contract, and even if it was, Defendants reserved the right to change it, making their promise to be bound illusory." (Doc. #14, p. 7.) Consequently,

4

the Court is not required to treat the delegation provision as valid and analyzes its validity below. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010).

A delegation provision "is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce." *Id*. "[A] delegation provision . . . should be treated as an *additional* 'written provision.'" *Soars v. Easter Seals Midwest*, 563 S.W.3d 111, 114 (Mo. 2018) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010)). "[B]ilateral contracts are . . . enforceable when each party promises to undertake some legal duty or liability." *Baker*, 450 S.W.3d at 776 (citations omitted). "These promises, however, must be binding, not illusory." *Id.* "A promise is illusory when one party retains the unilateral right to amend the agreement and avoid its obligations." *Id.* In other words, "neither party is bound unless both are bound." *Alden v. Dalton*, 107 S.W.2d 1070, 1073 (Mo. 1937).

Plaintiff challenges this provision as lacking consideration. The Court disagrees. A delegation provision, severed from the rest of the agreement, has adequate consideration because the parties "mutual[ly] promise to arbitrate any threshold question of arbitrability which may arise." *Soars*, 563 S.W.3d at 118.[2]

Plaintiff argues that any promise to arbitrate threshold questions of arbitrability is illusory because Defendants retain the unilateral right to modify the delegation provision. The Employee Handbooks that contain the arbitration agreement state:

> "Cable-Dahmer[3] **reserves the right to revise, supplement, or rescind any policy** or provision in the handbook it deems appropriate, **with sole and absolute discretion**. Cable-Dahmer will try to keep the handbook current, but there may be times when policies or procedures will change before this material can be revised."

---

[2] Because the delegation provision is supported by adequate consideration, the Court need not reach Plaintiff's argument that at-will employment is insufficient consideration.

[3] The parties agree that the Employment Handbooks' references to "Cable-Dahmer" refer to both Defendants.

5

(Doc. # 14-5, p. 9.) (emphasis added). The Court agrees with Plaintiff that this provision allows Defendants to amend the Employee Handbooks at any time and without notice to Plaintiff.

However, Defendants argue that the arbitration agreement which they seek to enforce is a separate contract that was independently executed by Plaintiff and is therefore not subject to Defendants' right of unilateral amendment contained in the Employee Handbooks. The Court agrees. The parties do not dispute that the arbitration agreement is a one-page arbitration agreement executed outside of the Employee Handbooks. Missouri law requires the Court to look to the parties' express intent within the four corners of that contract unless that contract is ambiguous. *Pinkerton*, 531 S.W.3d at 44. Nowhere does the separately executed arbitration agreement contain the right of Defendant to unilaterally modify its terms. Plaintiff's argument that the mutual promise to delegate threshold questions of arbitrability to the arbitrator is illusory fails for this reason.[4] In turn, the delegation clause is enforceable, which means threshold questions of arbitrability must be reserved for the arbitrator. The Court must compel arbitration.

### IV. Conclusion

Accordingly, it is ORDERED that Defendants City Chevrolet LLC and Cable-Dahmer Chevrolet, Inc.'s Joint Motion to Compel Arbitration and Stay This Matter (Doc. #4) is GRANTED. This case is hereby STAYED pending resolution of the arbitration. It is FURTHER ORDERED that the parties shall jointly file reports regarding the status of this case every 90 days from the date of this order.

**IT IS SO ORDERED.**

DATED: September 22, 2021  /s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

---

[4] The Court need not reach Defendants' argument that the arbitration agreement within the Employment Handbook is not subject to Defendants' unilateral right to amend.